# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CLIFFORD LOCKE and<br>(2) TAFFY LOCKE,<br><br>    Plaintiffs,<br><br>v.<br><br>(1) BRIAN WITT and<br>(2) TARA WITT<br><br>    Defendants. | Case No.  CIV-22-535-HE<br><br>(Removed from District Court of Kay County, Case No. CJ-2022-0077)<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendants, Brian Witt and Tara Witt ("Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove the above-captioned action pending the District Court of Kay County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1. Plaintiffs, Clifford Locke and Taffy Locke ("Plaintiffs"), commenced this action entitled *Locke v. Witt*, Case No. CJ-2022-0077 (the "Action"), by filing a Petition with the District Court of Kay County, State of Oklahoma (the "Petition"), on May 19, 2022.

2. The Petition purports to state claims against Defendants for trespass and conversion (Count I); wrongful or negligent destruction of personal property (Count II); and interference with contract/lease (Count III).

3. Defendants were served with the Petition in the Action on June 6, 2022.

4.	A copy of the Docket Sheet, District Court of Kay County, Case No. CJ-2022-0077, is attached hereto as **Exhibit 1**. The original Petition in the Action, issued Summons to Tara Witt, issued Summons to Brian Wit, Return of Summons to Tara Witt and Return of Summons to Brian Witt are attached hereto as **Exhibits 2-6**. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached all process, pleadings, and orders served upon it in this case. There are no motions pending before the District Court of Kay County in this matter, nor are any hearings currently set.

5.	As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. § 1332, 1441, and 1446 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.	Witt has satisfied the procedural requirements for removal.**

6.	Defendants were served with a copy of the Petition on June 6, 2022, and 30 or fewer days have passed since. Thus, Defendants are timely removing this case to the United States District Court for the Western District of Oklahoma.

7.	Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Kay County, State of Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c).

8.	Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332**

9.     This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) is between citizens of different states. Thus, the Action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a).

*A.     The amount-in-controversy requirement of § 1332(a) is satisfied.*

10.    It is apparent from the face of the Complaint that Plaintiffs seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* **Ex. 2**, Petition at pp. 3-4 (seeking "damages totaling $225,816.00").

11.    The allegations regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

*B.     Complete diversity of citizenship exists between Witt and Locke.*

12.    As alleged in the Petition, Defendants are individuals residing in Falls City, Nebraska. Thus, Defendants are citizens of Nebraska for purposes of diversity jurisdiction.

13.    Per the Petition, Plaintiffs are individuals residing in Kay County, Oklahoma. Therefore, Plaintiffs are citizens of Oklahoma for purposes of diversity jurisdiction.

14.    Defendants reserve the right to amend or supplement this Notice of Removal.

15.    Defendants reserve all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

16. Defendants have not yet filed a responsive pleading and reserves the right to answer, move against, or otherwise respond to the Petition in accordance with Rule 81(c)(2)(C) and Rule 6(a)(1)(C), or as otherwise extended by Order of this Court

17. This action is not related to any previously filed case in this Court.

18. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted

/s/ Colby J. Byrd
Colby J. Byrd, OBA #33478
Gatlin C. Squires, OBA #34795
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
colby.byrd@mcafeetaft.com
gatlin.squires@mcafeetaft.com

*Attorneys for Defendants,*
*Brian Witt and Tara Witt*