## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CLIFFORD LOCKE and
(2) TAFFY LOCKE,

      Plaintiffs,

v.

(1) BRIAN WITT and
(2) TARA WITT,

      Defendants/Third-Party Plaintiffs,

v.

(1) FRANCIS LEO DECKER, Co-Trustee
    of The Francis and Kay Decker Living
    Trust, Dated July 28, 2017,
(2) MARILY KAY DECKER, also known
    as MARILYN KAY DECKER, Co-
    Trustee of The Francis and Kay Decker
    Living Trust, Dated July 28, 2018,
(3) ANGELA P. HART,
(4) JEANNETTE BENDER, also known as
    JEANNETTE R. BENDER, Co-Trustee
    of The Donald and Jeannette Bender
    Revocable Trust, and
(5) JEROME DECKER, Trustee of The
    Jerome Decker Revocable Trust Dated
    April 14, 2018,

      Third-Party Defendants.

Case No. 5:22-cv-00535-HE

(Removed from District Court of
Kay County, Case No. CJ-2022-
0077)

**JURY TRIAL DEMANDED**

## ANSWER AND THIRD-PARTY COMPLAINT

Defendants, Brian Witt and Tara Witt (together, the "**Witts**"), for their answer to

the Petition for Damages to Personalty (the "**Petition**") filed by Plaintiffs, Clifford Locke

and Taffy Locke (together, the "**Lockes**"), deny each and every material allegation

contained therein and demand strict proof thereof, except as specifically admitted below. Using the same paragraph numbering and headings as the Petition, the Witts more specifically allege and state as follows:

## ANSWER

### PARTIES, VENUE AND JURISDICTION

1.      Admitted.

2.      Admitted.

3.      The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 3. Therefore, such allegations are denied under Federal Rule of Civil Procedure Rule 8(b)(5).

4.      The Witts admit that they own property and run cattle in Kay County, Oklahoma. As to the remaining allegations in ¶ 4, the Witts are without sufficient knowledge or information to admit or deny said allegations and such allegations are therefore denied under Federal Rule of Civil Procedure Rule 8(b)(5).

### FACTS

5.      The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 5. Therefore, such allegations are denied under Federal Rule of Civil Procedure 8(b)(5).

6.      The Witts deny that they renewed any lease with the Lockes. As to the remaining allegations in ¶ 6, the Witts are without sufficient knowledge or information to admit or deny said allegations and such allegations are therefore denied under Federal Rule of Civil Procedure Rule 8(b)(5).

2

7.     The Witts deny that the parties identified as the Decker Farm Partnership in the Petition are the prior owners of the real estate. As to the remaining allegations in ¶ 7, the Witts are without sufficient knowledge or information to admit or deny said allegations and such allegations are therefore denied under Federal Rule of Civil Procedure Rule 8(b)(5).

8.     The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 8. Therefore, such allegations are denied under Federal Rule of Civil Procedure 8(b)(5).

9.     The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 9. Therefore, such allegations are denied under Federal Rule of Civil Procedure 8(b)(5).

10.     The Witts admit they were aware of a wheat crop growing on the property they purchased. The Witts deny they were aware of the Lockes' alleged farm lease (the "Farm Lease") or of the Lockes' claims to the wheat crop growing on the property.

11.     The Witts admit they constructed a fence around the property they purchased. As to the remaining allegations in ¶ 11, the Witts are without sufficient knowledge or information to admit or deny said allegations and such allegations are therefore denied under Federal Rule of Civil Procedure Rule 8(b)(5).

12.     The Witts deny that they communicated with the Lockes regarding the Farm Lease or the wheat crop growing on the property. As to the remaining allegations in ¶ 12, the Witts are without sufficient knowledge or information to admit or deny said allegations

and such allegations are therefore denied under Federal Rule of Civil Procedure Rule 8(b)(5).

13.    Denied.

14.    The Witts deny that Tyler Jefferies is their agent, or that they have ever identified or held out Tyler Jeffries as their agent. The Witts further deny that the Lockes notified them of the Lockes' intent to harvest/combine the wheat crop in June or July. As to the remaining allegations in ¶ 14, the Witts are without sufficient knowledge or information to admit or deny said allegations and such allegations are therefore denied under Federal Rule of Civil Procedure 8(b)(5).

15.    The Witts admit they turned out cattle to graze on the property they purchased in May 2022.

16.    The Witts admit they have constructed a fence, run cattle, and driven vehicles on the property they purchased. As to the remaining allegations in ¶ 16, the Witts are without sufficient knowledge or information to admit or deny said allegations and such allegations are therefore denied under Federal Rule of Civil Procedure 8(b)(5).

17.    The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 17. Therefore, such allegations are denied under Federal Rule of Civil Procedure 8(b)(5).

**COUNT I.    TRESPASS AND CONVERSION**

18.    The Witts incorporate their responses in ¶¶ 1-17 *supra* as if fully set forth herein.

4

19.    The Witts are without sufficient knowledge or information to admit or deny the Lockes' claims to the wheat crop. Therefore, such allegation is denied under Federal Rule of Civil Procedure 8(b)(5). The remaining allegations in ¶ 19 are denied.

20.    Denied.

21.    Denied.

22.    The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 22. Therefore, such allegations are denied under Federal Rule of Civil Procedure 8(b)(5).

23.    The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 23. Therefore, such allegations are denied under Federal Rule of Civil Procedure 8(b)(5).

24.    The allegations in ¶ 24 of the Petition are legal conclusions which require no answer by the Witts. To the extent a response from the Witts is required, the Witts deny that the Lockes are entitled to any relief from the Witts.

25.    The allegations in ¶ 25 of the Petition are legal conclusions which require no answer by the Witts. To the extent a response from the Witts is required, the Witts deny that the Lockes are entitled to any relief from the Witts.

## COUNT II.
## WRONGFUL OR NEGLIGENT DESTRUCTION OF PERSONAL PROPERTY

26.    The Witts incorporate their responses in ¶¶ 1-25 *supra* as if fully set forth herein.

27.    Denied.

28.     The allegations in ¶ 25 of the Petition are legal conclusions which require no answer by the Witts. To the extent a response from the Witts is required, the Witts deny that the Lockes are entitled to any relief from the Witts.

## COUNT III.
## INTERFERENCE WITH CONTRACT/LEASE

29.     The Witts incorporate their responses in ¶¶ 1-28 *supra* as if fully set forth herein.

30.     The Witts are without sufficient knowledge or information to admit or deny the allegations in ¶ 30. Therefore, such allegations are denied under Federal Rule of Civil Procedure 8(b)(5).

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

The Witts deny that the Lockes are entitled to any of the relief sought in the WHEREFORE paragraph of the Petition and request that the Court (i) dismiss the Lockes' claims against the Witts with prejudice; (ii) enter judgment against the Lockes in favor of the Witts; and (iii) grant the Witts their reasonable attorneys' fees, costs, and such other relief as may be just and equitable, or as allowed by law.

## AFFIRMATIVE DEFENSES

Without assuming any burden or obligation other than that imposed by operation of law, the Witts assert the following affirmative and/or other additional defenses to the claims set forth in the Petition and reserve the right to seek leave to amend or supplement the same and/or to assert a counterclaim against the Lockes as discovery and further information warrant.

1.     The Petition fails, in whole or in part, to state a claim upon which relief may be granted against the Witts.

2.     The Lockes' claims are barred, in whole or in part, under the doctrines of payment, offset, setoff, credit, and/or recoupment.

3.     The Lockes' claims are barred, in whole or in part, under the doctrines of release and/or accord and satisfaction.

4.     The Lockes' claims are barred, in whole or in part, under the doctrines of ratification, waiver, estoppel, quasi-estoppel, equitable estoppel, laches, and/or the economic loss rule.

5.     The Lockes' claims are barred, in whole or in part, under the doctrine of comparative or contributory negligence.

6.     The Lockes' claims are barred, in whole or in part, under the doctrine of unclean hands.

7.     The Lockes' claims are barred, in whole or in part, by the Lockes' failure to mitigate alleged damages, if any.

8.    The Lockes' claims are barred, in whole or in part, because the Witts were bona fide purchasers for value without notice of any adverse claim by the Lockes and relied upon the instruments filed of record in Kay County, Oklahoma.

9.    The Lockes' claims are barred, in whole or in part, because the Lockes' alleged damages were caused by the negligence, fault or conduct of the Lockes and/or the negligence, fault, or conduct of others over whom the Witts had no authority or control.

10.    The Witts owed no duty to the Lockes and therefore, the Lockes' negligence claims are barred in whole or in part.

11.    Some of the Lockes' damages may have been preexisting or may have occurred after the Witts alleged action or inaction.

12.    The Lockes' are not entitled to treble damages under 23 Okla. Stat. § 71.

13.    The Witts reserve the right to amend this Answer and to assert additional affirmative defenses based on facts obtained during the course of discovery.

## THIRD-PARTY COMPLAINT

Defendants/Third-Party Plaintiffs, Brian Witt and Tara Witt (together, the "**Witts**"), allege and state as follows for their Third-Party Complaint against Third-Party Defendants, Francis Leo Decker, Co-Trustee of The Francis and Kay Decker Living Trust, Dated July 28, 2017 ("**F. Decker**"); Marily Kay Decker, also known as Marilyn Kay Decker, Co-Trustee of The Francis and Kay Decker Living Trust, Dated July 28, 2018 ("**M. Decker**"); Angela P. Hart ("**A. Hart**"); Jeannette Bender, also known as Jeannette R. Bender, Co-Trustee of The Donald and Jeannette Bender Revocable Trust ("**J. Bender**"); and Jerome

Decker, Trustee of The Jerome Decker Revocable Trust Dated April 14, 2018 ("**J. Decker**").

## PARTIES, JURISDICTION, AND VENUE

1.      The Witts are Nebraska residents and citizens, residing in Fall City, Nebraska.

2.      Upon information and belief, Plaintiffs, Clifford Locke and Taffy Locke (together, the "**Lockes**"), are Oklahoma residents and citizens, residing in Kay County, Oklahoma.

3.      Upon information and belief, F. Decker is a Texas resident and citizen, residing in Collin County, Texas.

4.      Upon information and belief, M. Decker is a Texas resident and citizen, residing in Collin County, Texas.

5.      Upon information and belief, A. Hart is a Kansas resident and citizen, residing in Sedgwick County, Kansas.

6.      Upon information and belief, J. Bender is a Kansas resident and citizen, residing in Sedgwick County, Kansas.

7.      Upon information and belief, J. Decker is a Kansas resident and citizen, residing in Sedgwick County, Kansas.

8.      F. Decker, M. Decker, A. Hart, J. Bender, and J. Decker are referred to hereinafter collectively as "**Sellers**".

9.      This Court has subject matter jurisdiction over the Witts' claims against Sellers under 28 U.S.C. § 1332(a) because there is complete diversity between the Witts

and Sellers and the amount in controversy exceeds $75,000.00 and under 28 U.S.C. § 1367(a) because the Witts' claims against Sellers are so related to the Lockes' claims against the Witts that they form the same case or controversy.

10.     This Court has personal jurisdiction over Sellers because Sellers purposefully availed themselves and invoked the benefits and protections of the laws of the State of Oklahoma.

## FACTS

11.     On or about December 7, 2021, Sellers and the Witts entered into a written contract (the "**Contract**") whereby Sellers agreed to sell the Witts 320 acres (more or less) of real property located in Kay County, Oklahoma, more particularly described as follows:

> Tract 1: Northeast Quarter (NE/4) of Section Twenty-Eight (28), Township Twenty-Eight (28) North, Range One (1) East of the Indian Meridian, Kay County, State of Oklahoma, according to the Government Survey thereof.
>
> Tract 2: Southeast Quarter (SE/4) of Section Twenty-Eight (28), Township Twenty-Eight (28) North, Range One (1) East of the Indian Meridian, Kay County, State of Oklahoma, according to the Government Survey thereof.

(the "**Property**"). The purchase price of the Property under the Contract was $795,000.00.

12.     Sellers and the Witts closed on the sale of the Property under the Contract on or about January 24, 2022.

13.     Sellers conveyed the Property to Witt via Joint Tenancy Warranty Deed (the "**Warranty Deed**") on or about January 24, 2022. The Warranty Deed was filed of record in the records of the Kay County Clerk on January 25, 2022, at Book 1894, Pages 949-953.

14.    Upon information and belief, in October 2021—prior to entering into the Contract, closing on the sale of the Property, and executing the Warranty Deed—Sellers renewed a farm lease with the Lockes covering the Property (the "**Farm Lease**").

15.    To the extent the Farm Lease exists and was properly renewed, Sellers failed to disclose the existence and/or renewal of the Farm Lease to the Witts. The Witts did not learn of the Farm Lease until after Sellers conveyed the Property to the Witts.

16.    Upon information and belief, the Farm Lease has never been recorded in the Kay County Clerk's records.

## COUNT I - BREACH OF COVENANT AGAINST ENCUMBRANCES

17.    The Witts reassert and reallege ¶¶ 1-16 of their Third-Party Complaint as if fully restated herein.

18.    Under 16 Okla. Stat. § 19, when Sellers conveyed the Property to the Witts via the Warranty Deed, Sellers covenanted to the Witts that there were no unrecorded encumbrances, outstanding rights, or interests in the Property that would diminish the value or the Witts' use and enjoyment of the Property.

19.    To the extent the Farm Lease exists and was properly renewed, Sellers breached the covenant against encumbrances by conveying the Property to the Witts subject to the Farm Lease.

20.    Sellers breach of the covenant against encumbrances has caused actual, consequential, and incidental damages to the Witts for which the Witts are entitled to relief. Said damages include, but are not limited to, the cost of defending against the Lockes'

claims and, although strictly denied, alleged and potential liability to the Lockes' on the same.

## COUNT II - BREACH OF COVENANT OF WARRANTY

21.     The Witts reassert and reallege ¶¶ 1-20 of their Third-Party Complaint as if fully restated herein.

22.     Under 16 Okla. Stat. § 19, when Sellers conveyed the Property to the Witts via the Warranty Deed, Sellers covenanted to the Witts that upon the failure, in whole or in part, of the title which the Warranty Deed purports to convey, Sellers will make compensation in money for the loss sustained by the Witts as a result of such failure.

23.     To the extent the Farm Lease exists and was properly renewed, Sellers breached the covenant of warranty by conveying the Property to the Witts subject to the Farm Lease.

24.     Sellers' breach of the covenant of warranty has caused actual, consequential, and incidental damages to the Witts for which the Witts are entitled to relief. Said damages include, but are not limited to, the cost of defending against the Lockes' claims and, although strictly denied, alleged and potential liability to the Lockes' on the same.

## COUNT III - BREACH OF COVENANT OF QUIET ENJOYMENT

25.     The Witts reassert and reallege ¶¶ 1-24 of their Third-Party Complaint as if fully restated herein.

26.     Under 16 Okla. Stat. § 19, when Sellers conveyed the Property to the Witts via the Warranty Deed, Sellers covenanted to the Witts the Witts shall have legal, quiet and peaceful possession of the Property.

27.    To the extent the Farm Lease exists and was properly renewed, Sellers breached the covenant of quiet enjoyment by conveying the Property to the Witts subject to the Farm Lease.

28.    Sellers' breach of the covenant of quiet enjoyment has caused actual, consequential, and incidental damages to the Witts for which the Witts are entitled to relief. Said damages include, but are not limited to, the cost of defending against the Lockes' claims and, although strictly denied, alleged and potential liability to the Lockes' on the same.

## COUNT IV - BREACH OF CONTRACT

29.    The Witts reassert and reallege ¶¶ 1-28 of their Third-Party Complaint as if fully restated herein.

30.    The Contract was a binding contract between Sellers and the Witts.

31.    To the extent the Farm Lease exists and was properly renewed, Sellers breached the Contract by conveying the Property to the Witts subject to the Lockes' claims under the Farm Lease.

32.    Sellers' breach of the Contract has caused actual, consequential, and incidental damages to the Witts for which the Witts are entitled to relief. Said damages include, but are not limited to, the cost of defending against the Lockes' claims and, although strictly denied, alleged and potential liability to the Lockes' on the same.

## COUNT V - INDEMNITY

33.    The Witts reassert and reallege ¶¶ 1-32 of their Third-Party Complaint as if fully restated herein.

34.     To the extent that the Witts are liable to the Lockes and/or any other entity based on the conduct referenced in the Lockes' Petition or herein, through no fault of the Witts, the Witts are entitled to indemnity from Sellers for all such actual, consequential, and incidental damages.

## COUNT VI - FRAUD/MISREPRESENTATION

35.     The Witts reassert and reallege ¶¶ 1-34 of their Third-Party Complaint as if fully restated herein.

36.     As described above, Sellers represented to the Witts that Sellers could and would convey the Property to the Witts free and clear of all unrecorded encumbrances, outstanding rights, or interests in the Property.

37.     To the extent the Farm lease exists and was properly renewed, Sellers made such representations to the Witts despite knowing said representations were false.

38.     Sellers made such misrepresentations with the specific intent to induce the Witts to act thereon on purchase the Property.

39.     The Witts justifiably relied on Sellers misrepresentations and purchased the Property believing the Property was free and clear of all unrecorded encumbrances, outstanding rights, or interests in the Property.

40.     Sellers' misrepresentations have caused actual, consequential, and incidental damages to the Witts for which the Witts are entitled to relief. Said damages include, but are not limited to, the cost of defending against the Lockes' claims and, although strictly denied, alleged and potential liability to the Lockes' on the same.

WHEREFORE, the Witts respectfully request that this Court award the Witts all actual, consequential, and incidental damages the Witts have suffered as a result of Sellers' actions and/or inactions, including the Witts' reasonable attorneys' fees, costs, and such other and further relief as this Court deems just and equitable.

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule LCvR81.1, the Witts demand a jury trial on all issues triable of right by a jury.

Respectfully submitted this 27th day of June, 2022.

**/s/ Colby J. Byrd**
Colby J. Byrd, OBA #33478
Allison B. Christian, OBA #34326
Gatlin C. Squires, OBA #34795
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
colby.byrd@mcafeetaft.com
allison.christian@mcafeetaft.com
gatlin.squires@mcafeetaft.com

***Attorneys for Defendants and Third-Party Plaintiffs, Brian Witt and Tara Witt***