IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CLIFFORD LOCKE, and            )
(2) TAFFY LOCKE,                   )
    Plaintiffs,                    )
                                   )   Case No. CIV-22-535-HE
v.                                 )
                                   )
(1) BRIAN WITT, and                )
(2)TARA WITT,                      )
    Defendants/Third-Party Plaintiffs, )
                                   )
v.                                 )
                                   )
(1) FRANCES LEO DECKER, Co-Trustee of The )
The Francis and Kay Decker Living Trust, Dated )
July 28, 2017;                     )
(2) MARILYN KAY DECKER, Co-Trustee of The )
The Francis and Kay Decker Living Trust, Dated )
July 28, 2017;                     )
(3)ANGELA P. HART;                 )
(4)JEANNETTE BENDER, also known as )
JEANNETTE R. BENDER, Co-Trustee of The )
Donald and Jeannette Bender Revocable Trust; )
(5) JEROME DECKER, Trustee of The  )
Jerome Decker Revocable Trust, Dated )
April 14, 2018;                    )
    Defendants/Third-Party Defendants/Third-Party )
      Plaintiffs,                )
                                   )
v.                                 )
                                   )
(1)JOHNNY SHAW d/b/a SHAW REAL ESTATE )
a/k/a UNITED COUNTRY SHAW REAL     )
ESTATE, et al.                     )
and                                )

(2)ANTHONY CERAR, also known as TONY   )
CERAR,                                  )
    Third-Party Defendants.            )

## PLAINTIFFS' AMENDED COMPLAINT

COMES NOW the Plaintiffs, CLIFFORD LOCKE and TAFFY LOCKE, by and through their attorneys of record, Grace K. Yates and Richard A. Johnson of the firm Holmes and Yates Law, PLLC, and for cause of action against the Defendants and Third-Party Plaintiffs, BRIAN WITT and TARA WITT, (hereinafter called "The Defendants Witts") and Defendants, Third-Party Defendants and Third-Party Plaintiffs FRANCIS LEO DECKER, Co-Trustee of The Francis and Kay Decker Living Trust, Dated July 28, 2017, MARILY KAY DECKER, also known as MARILYN KAY DECKER, Co-Trustee of The Francis and Kay Decker Living Trust, Dated July 28, 2018, ANGELA P. HART, JEANNETTE BENDER, also known as JEANNETTE R. BENDER, Co-Trustee of The Donald and Jeannette Bender Revocable Trust, JEROME DECKER, Trustee of the Jerome Decker Revocable Trust Dated April 14, 2018 (hereinafter called "The Decker Farm Partnership"), alleges and states as follows:

## PARTIES, VENUE, AND JURISDICTION

1. Plaintiffs Clifford Locke and Taffy Locke are individuals residing in Kay County, Oklahoma.

2. Defendants and Third-Party Plaintiffs, Brian Witt and Tara Witt, are individuals residing in Falls City, Nebraska.

3. Defendants, Third-Party Defendants, and Third-Party Plaintiffs Francis Leo Decker and Marilyn Kay Decker are domiciled in Allen, Texas.

4. Defendants, Third-Party Defendants, and Third-Party Plaintiffs Angela P. Hart,

2

Jeannette Bender, and Jerome Decker are domiciled in Wichita, Kansas.

5. Third-Party Defendant Johnny Shaw, doing business as Shaw Real Estate, also known as United Country Shaw Real Estate, is domiciled, and headquartered, in Kay County, State of Oklahoma.

6. Third-Party Defendant Anthony Cerar is domiciled in Broken Arrow, Oklahoma.

7. Plaintiffs lease land in Kay County, Oklahoma and cultivate crops on same.

8. A substantial portion of the events giving rise to this cause of action occurred in Kay County, State of Oklahoma.

9. This cause of action was properly filed in the Kay County District Court on May 19, 2022.

10. This cause of action was subsequently removed to The United States District Court for the Western District of Oklahoma under 28 U.S.C. §§ 1332, 1441, and 1446.

## **FACTS**

11. On or about December 15, 2015, Clifford Locke executed a Farmland Lease with The Decker Farm Partnership, for the real property legally described as:

> East half (E/2) of Section Twenty-Eight (28), Township Twenty-Eight (28) North, Range One (1) East of the Indian Meridian, Kay County, State of Oklahoma, according to the Government Survey thereof, and hereafter referred to as the "leased premises"

12. Said Farmland Lease was for the period beginning December 1, 2015, to November 30, 2016, with terms for the Plaintiff/Tenant to renew the lease for further additional years. The Plaintiffs renewed said lease with The Decker Farm Partnership every year thereafter, with an agreement to pay the rent at the end of the lease term.

13. Plaintiffs paid their farm lease in the amount of $11,245.00 on November 1, 2021, to The Decker Farm Partnership.

14. Plaintiffs renewed their lease for October 2021-October 2022. Plaintiffs, by virtue of renewing said lease on or about December 1, 2021, planted 206 acres of wheat on the leased premises for the following Summer 2022 harvest.

15. On or about January 11, 2022, Plaintiffs learned that The Decker Farm Partnership had contracted for the sale of the real property, previously described in Paragraph Eleven (11), to Defendants.

16. All Defendants were aware of the lease and the Plaintiffs' growing wheat crop.

17. Subsequent to the sale of the real property, Defendants Witts erected a fence around Plaintiffs' leased land; however, Plaintiffs retained access to their crop.

18. Plaintiffs communicated with the Sellers/The Decker Farm Partnership, Buyers/Defendants Brian and Tara Witt, as well as the real estate agent Tony Cerar with United Country Shaw Real Estate, advising them of their lease and the growing wheat crop.

19. Plaintiffs notified Defendants Witts of expected cutting date, as well as Defendants Witts trespass, in writing on or about February 14, 2022.

20. On May 10, 2022, Plaintiffs notified Defendants Witts and their identified agent, Tyler Jeffries, that Plaintiffs would be harvesting/combining their wheat in June or July.

21. On May 11, 2022, Defendants Witts dropped cattle on Plaintiffs' wheat.

22. Defendants Witts have and are damaging Plaintiffs' wheat crop with the construction of fencing and driving vehicles and cattle on to Plaintiffs' crop.

23. Plaintiffs have 206 acres of wheat planted on the leased premises. Pursuant to the Kay County average, the expected yield was 30 bushels per acre at the current market price per bushel which is $12.18.

24. On December 21, 2021, Defendants The Decker Farm Partnership sent written instruction to Plaintiffs on how to pro-rate the cash rent due to them through closing (January 11, 2022) seeking $3,143.75 in cash rent due at the end of the term.

## COUNT I.

## TRESPASS AND CONVERSION

25. Plaintiffs adopt all other paragraphs of this Petition by reference.

26. Plaintiffs own the wheat crops growing on the leased premises. Defendants Witts have willfully and maliciously trespassed and converted Plaintiffs' growing crops on the leased premises to their own use.

27. Defendants Witts' actions were intentional and designed to interfere with, and take Plaintiffs property, without Plaintiffs consent or permission and without just compensation for same.

28. By erecting a fence, driving over Plaintiffs' crops, and running cattle on Plaintiffs' crops, Defendants Witts have deprived Plaintiffs of their use and possession of their

property. Defendants Witts have converted Plaintiffs' crops to their own use and did so immediately after Plaintiffs' notice of their intent and timeframe within which they expect to harvest their crops.

29. The Plaintiffs' wheat crop is irretrievably damaged, and the inconvenience and expense caused by Defendants' Witts willful, intentional, and malicious acts exceed $75,000.00.

30. At the time of the trespass and taking, Plaintiffs' wheat crop was worth $75,272.40.

31. Oklahoma law allows for treble damages for forcibly ejecting or excluding a person from the possession of real property pursuant to Title 23 Okla. Stat. Ann. § 71, resulting in damages totaling $225,816.00.

32. Plaintiffs also seek their attorney's fees and costs associated with the prosecution of this action.

## COUNT II.

## WRONGFUL OR NEGLIGENT DESTRUCTION OF PERSONAL PROPERTY

33. Plaintiffs adopt all other paragraphs of this Petition by reference.

34. Plaintiffs state that Defendants Witts' acts, if not malicious, were willful, negligent, and careless and the direct cause of the destruction of Plaintiffs growing crop.

35. At time of Defendants Witts' acts, the Plaintiffs' wheat crop was worth $75,272.40 and Oklahoma law allows for the imposition of treble damages against the Defendants Witts.

## COUNT III.

## INTERFERENCE WITH CONTRACT/LEASE

36. Plaintiffs adopt all other paragraphs of this Petition by reference.

37. Plaintiffs had a contract with The Decker Farm Partnership.

38. Defendants Witts knew, or under the circumstances reasonably should have known, about the contract.

39. Defendants Witts interfered with the contract and/or made it impossible for the contract to be performed.

40. Defendants Witts' actions were intentional.

41. Defendants Witts used improper or unfair means and Plaintiffs suffered damages as a direct result of Defendants actions.

## COUNT IV

## BREACH OF LEASE AND WRONGFUL EJECTMENT

42. Plaintiffs reassert and reallege ¶¶1-24 of their Amended Complaint.

43. Defendants The Decker Farm Partnership had an agricultural contract which they renewed with Plaintiffs.

44. Plaintiffs with the knowledge and consent of the Landlord/Defendants The Decker Farm Partnership planted their 2021-2022 wheat crop.

45. Defendants The Decker Farm Partnership sold the realty during the term of the lease.

46. On or about December 21, 2021, Defendants The Decker Farm Partnership

acknowledged the extension of the lease and issued a written statement pro-rating the rent until closing of the sale of the real estate to Plaintiffs seeking rent in the amount of $3,143.75.

47. Plaintiffs' rent was due at the end of the annual lease term.

48. Defendants The Decker Farm Partnership breached the lease by 1) failing to notify their assigns or successors of the lease; 2) by preventing Plaintiffs the ability to continue to perform the lease; 3) depriving Plaintiffs of the leased premises and Plaintiffs personal property; and 4) selling Plaintiffs wheat crop to Defendants Witts without Plaintiffs consent and with full knowledge that Defendants The Decker Farm Partnership neither owned the wheat crop or had authority to convey same.

49. Pursuant to Title 23 Okla. Stat. Ann. Section 72, Defendants the Decker Farm Partnership are liable to Plaintiffs for treble damages due to their voluntary and intentional actions.

## COUNT V

## CONVERSION

50. Plaintiffs reassert and reallege ¶¶1-24 and 42-49 of their Amended Complaint.

51. Plaintiffs were the owners of and had possession and the right to possess their growing wheat crop.

52. Defendants The Decker Farm Partnership intentionally took possession of or prevented Plaintiff from having access to their wheat crop by selling same to Defendants Witts.

8

53. Plaintiffs did not consent to Defendants The Decker Farm Partnership's conversion of their wheat crop.

54. Plaintiffs were harmed as a result of the conduct of the Defendants The Decker Farm Partnership.

55. Pursuant to Title 23 Okla. Stat. Ann. Section 72, Defendants the Decker Farm Partnership are liable to Plaintiffs for treble damages due to their voluntary and intentional actions.

WHEREFORE, Plaintiffs seek actual, consequential, incidental and treble damages as set forth herein together with prejudgment and post judgment interest, and for all such other and further equitable or legal relief to which they are entitled, including but not limited to attorney's fees and costs.

/s/ Grace K Yates
Grace K. Yates, OBA #17937
Richard Johnson, OBA#21718
HOLMES AND YATES LAW, PLLC
P.O. Box 750
1909 Lake Rd.
Ponca City, OK 74602
Telephone: (580) 765-6727
Facsimile: (580) 765-6757
grace@holmesandyates.com
rick@holmesandyates.com
***ATTORNEYS FOR PLAINTIFFS***